**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL KENT, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | ) | |
| NEENAH, INC., SHRUTI SINGHAL, TONY R. THENE, WILLIAM M. COOK, PHILIP C. MOORE, JULIE A. SCHERTELL, MARGARET S. DANO, and DONNA M. COSTELLO, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Neenah, Inc. ("Neenah" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to merge the Company with Schweitzer-Mauduit International, Inc. ("SWM") (the "Proposed Transaction").

2. On March 28, 2022, Neenah entered into an Agreement and Plan of Merger with SWM and its wholly owned subsidiary, Samurai Warrior Merger Sub, Inc. (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, SWM and Neenah will combine, with Neenah stockholders receiving 1.358 shares of SWM common stock for each Neenah

common share. Upon completion of the Proposed Transaction, Neenah stockholders will own approximately 42% and SWM stockholders will own approximately 58% of the outstanding shares of the combined company.

3. On May 23, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Neenah stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (a) the Company's and SWM's financial projections; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Perella Weinberg Partners LP ("Perella Weinberg").

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.[1]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

---

[1] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for June 29, 2022.

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Neenah common stock.

10. Defendant Neenah is a Delaware corporation, with its principal executive offices located at 3460 Preston Ridge Road, Suite 600, Alpharetta, Georgia 30005. Neenah's shares trade on the New York Stock Exchange under the ticker symbol "NP." Neenah is a specialty materials company organized into two primary businesses: a performance-based technical products business and a premium fine paper and packaging business. The Company's technical products business is a leading international producer of transportation, water and other filter media and durable, saturated, and coated substrates for a variety of end markets. Neenah's fine paper and packaging business is a leading supplier of premium printing, packaging, and other high-end specialty papers predominantly in North America.

11. Defendant Shruti Singhal is and has been a director of the Company at all relevant times.

12. Defendant Tony R. Thene is and has been a director of the Company at all relevant times.

13. Defendant William M. Cook has been Non-Executive Chair of the Board and a director of the Company at all relevant times.

14. Defendant Philip C. Moore is and has been a director of the Company at all relevant times.

15. Defendant Julie A. Schertell has been President, Chief Executive Officer, and a director of the Company at all relevant times.

16. Defendant Margaret S. Dano is and has been a director of the Company at all relevant times.

17. Defendant Donna M. Costello is and has been a director of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On March 28, 2022, Neenah announced in relevant part:

ALPHARETTA, Ga.--Schweitzer-Mauduit International, Inc. (NYSE: SWM) ("SWM") and Neenah, Inc. (NYSE: NP) ("Neenah"), two leading global manufacturers of specialty materials, today announced that they have entered into a definitive agreement to combine in an all-stock merger of equals with combined revenues of approximately $3 billion, expanded scale and capabilities, and accelerated growth opportunities.

This transaction brings together two organizations with highly complementary technologies, geographies and product portfolios in specialty materials. The combined company will capitalize on powerful megatrends with strong positions in large, growing categories including Filtration, Healthcare & Wellness, Protective & Adhesive Solutions, Industrial Solutions, and Packaging & Specialty Paper.

Under the terms of the agreement, which was unanimously approved by the Boards of Directors of both companies, shareholders of Neenah will receive 1.358 shares of SWM common stock for each share of Neenah common stock owned. Following the closing of the transaction, SWM shareholders will own approximately 58 percent of the combined company, and Neenah shareholders will own approximately 42 percent of the combined company, in each case, on a fully diluted basis.

"I'm proud of the work our team has done to successfully expand and grow our global portfolio over the last several years, adding core capabilities and scale to better serve our customers. This merger is an exciting next step on our journey and one that will deliver significant shareholder value," said Dr. Jeff Kramer, Chief Executive Officer of SWM. "SWM has earned a reputation as a critical solutions provider. The combination with Neenah is a continuation of our strategic intent to solve our customers' most complex design challenges. We are excited by the numerous benefits of this merger, including the significantly broadened customer base, product lines and technical expertise. At the same time, combining the talented teams, cultures and well-run operations of Neenah and SWM will enhance our position as a world-class leader across our end-markets, poised to drive long-term growth and attractive returns. We look forward to working with the Neenah team to unlock the tremendous value of this compelling combination for all stakeholders."

"This combination is a unique opportunity to accelerate our growth strategy and continue the transformation of our business, creating a global leader in specialty materials with strong and defensible positions in attractive end-markets," said Julie Schertell, President and Chief Executive Officer of Neenah. "Merging our two companies enhances our ability to grow and solve the needs of our customers for demanding, innovative products that address global challenges such as the necessity for clean water and air, sustainable alternatives, and enhanced health and wellness. The synergy potential for this transaction is significant, and the all-stock structure enables shareholders of both companies to participate in the substantial value creation and future growth opportunities of the combined company. SWM has a talented team that shares our values, with a focus on employee safety, innovation and customer intimacy. We look forward to delivering on the potential of this transaction by capitalizing on our combined capabilities and strengths."

**Strategic and Financial Benefits of the Combination**

- **Creates a Global Leader in Specialty Materials with a Broad Portfolio of Solutions:** Combining the Neenah and SWM product portfolios will enhance exposure to growing, global end-markets with clear megatrends of clean air and water, health and wellness, sustainability, and advanced protective solutions. Complementary capabilities exist in key categories

5

including filtration, healthcare, tape, packaging, release liners, and adhesive solutions.

- **Highly Achievable Cost Synergies:** The transaction is expected to achieve at least $65 million in annual run-rate cost synergies within 24-36 months post close. Key cost savings include organizational optimization, procurement and other supply chain efficiencies, and redundant public company costs.
- **Accelerates Growth with Enhanced Scale and Larger Global Footprint:** The combination is expected to accelerate long-term revenue growth, with numerous opportunities to cross-sell the extensive suite of specialty materials, leverage each company's deep customer relationships, combined technology portfolio, and innovation capabilities. In addition, with operations spanning four continents, the combination will create a stronger presence to better serve customers both globally and regionally, with significant opportunities to increase penetration in several geographies.
- **Strong Financial Profile and Commitment to Shareholder Value Creation:** The combined company is projected to have approximately $450 million of pro-forma adjusted EBITDA (including synergies) and margins of more than 15 percent in highly specialized, defensible categories. The transaction is also expected to increase the combined company's ability to generate cash, providing financial stability and flexibility. The combined company intends to uphold Neenah and SWM's track records of prioritized uses of cash, including returning capital to shareholders. As a larger, well-capitalized company, the combined entity also expects to benefit from greater access to capital markets, opportunities for lower cost of capital, and long-term strategic optionality.
- **Accelerates Innovation:** The combined company's suite of technologies, intellectual property, and R&D capabilities in material science is expected to accelerate the pace of innovation, with the potential to deliver breakthrough, high-growth products that better meet the ongoing needs of customers and drive long-term profitability for shareholders.
- **Shared Values and Culture:** SWM and Neenah have highly aligned outlooks on business, prioritizing employee safety and development, and partnering with customers to create premium, unique solutions that fuel their success. With shared commitments to environmental stewardship, sustainability, engagement, inclusion, and corporate governance, the combined business will build upon both companies' ongoing ESG efforts.

**Headquarters, Leadership and Governance**

The combined company will remain headquartered in Alpharetta, Georgia and will be led by a proven management team that reflects the strengths and capabilities of both organizations. Upon close, Julie Schertell, President and Chief Executive Officer of Neenah, will serve as President and Chief Executive Officer of the combined company. Dr. Jeff Kramer, Chief Executive Officer of SWM, will serve

as a strategic advisor for the combined company following the close of the transaction. A new name for the combined company will be selected in connection with the merger.

The new Board will consist of nine directors, five of whom will be from the SWM Board and four of whom will be from the Neenah Board, including Ms. Julie Schertell. John D. Rogers, Non-Executive Chairman of the SWM Board, will serve as Non-Executive Chair of the combined company's Board of Directors.

**Approvals and Closing**

The transaction has been unanimously approved by the Boards of Directors of both SWM and Neenah. The merger is expected to close in the second half of 2022, subject to Neenah and SWM shareholder approval, regulatory approvals and other customary closing conditions.

**The Materially Incomplete and Misleading Proxy Statement**

20. On May 23, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Neenah stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's and SWM's financial projections; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Perella Weinberg.

*Material Misrepresentations and/or Omissions Concerning Neenah's and SWM's Financial Projections*

21. The Proxy Statement fails to disclose material information concerning the financial projections for Neenah and SWM, including the financial projections for Neenah and SWM for years 2025 and 2026, as used by Perella Weinberg for its financial analyses. *See* Proxy Statement at 101, 105-06.

22. Additionally, with respect to the Company's and SWM's financial projections, the Proxy Statement fails to disclose all line items underlying: (a) Adjusted EBITDA; and (b) Unlevered Free Cash Flow.

7

*Material Misrepresentations and/or Omissions Concerning Perella Weinberg's Financial Analyses*

23. The Proxy Statement fails to disclose material information concerning Perella Weinberg's financial analyses.

24. With respect to Perella Weinberg's *Discounted Cash Flow Analysis* for each of Neenah and SWM, the Proxy Statement fails to disclose: (a) the unlevered free cash flows for each of Neenah and SWM for the years 2025E through 2026E; (b) the next twelve months EBITDA of Neenah and SWM as of 2026E; (c) the Company's and SWM's respective terminal values; (d) the inputs and assumptions underlying the discount rates ranging from 6.50% to 7.50% for Neenah and 6.00% to 7.00% for SWM; and (e) the fully diluted shares of each company.

25. With respect to Perella Weinberg's *Selected Publicly-Traded Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Perella Weinberg.

26. With respect to Perella Weinberg's *Research Analyst Price Targets* analysis, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

27. In sum, the omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of Neenah's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Neenah will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Neenah**

28.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

29.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Neenah is liable as the issuer of these statements.

30.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

31.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

32.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

33.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

34.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

35. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants acted as controlling persons of Neenah within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Neenah and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

38. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

39. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

40. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

41. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Mandiant, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Mandiant stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(d), 14(e) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 9, 2022                    **LONG LAW, LLC**

By  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*